IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAY 05 2016

Clerk, U.S. District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | CR 15-62-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| LEON SEMINOLE, | |
| Defendant. | |

Defendant Leon Seminole, acting pro se, submitted a document entitled "Defendant/Motions for 26. Release/Detention Proceedings under (18 U.S.C. § 3141 et seq.)/And Defendant Gives ("Notice" of Appeal) see Fed. R. App. Pro. 4(b)/or Alternative 28 U.S.C. § 2254." In the document, Seminole asks to be released pending sentencing. Seminole also claims that his attorney told him that he has no interest in further representing Seminole. The Court finds it unnecessary to address the merits of Seminole's motion because Seminole is not permitted to file motions pro se while he is represented by counsel. Robert Kelleher Jr. remains Seminole's appointed counsel until he is relieved by the Court.

"It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). "A criminal defendant does not have an absolute right to both self-representation *and* the

1

assistance of counsel," however. *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (emphasis in original). In other words, "the right to counsel and the right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030.

By filing his motion pro se, Seminole engages in hybrid representation without first seeking the Court's permission. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). This Court declines to consider Seminole's motion. *See*, e.g., *id.* at 685 (noting that the district court did not err when it denied a represented defendant's pro se motion without considering its contents); *see also United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir.1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel").

Accordingly, IT IS HEREBY ORDERED that Seminole's motion (Doc. 88) is DENIED in its entirety.

DATED this 9th day of May, 2016.

SUSAN P. WATTERS
United States District Judge